IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| CORRY SHIPLEY & MARK SCHULTZ, on behalf of themselves and others similarly situated, <br><br> PLAINTIFFS, <br><br> V. <br><br> CITY OF BETTENDORF, IOWA <br><br> DEFENDANTS. | Case No. <br><br> PETITION AND JURY DEMAND |

Come now Plaintiffs Corry Shipley and Mark Schultz, on behalf of themselves and others similarly situated, through their attorneys, O'BRIEN & MARQUARD, P.L.C., and for their Petition and Jury Demand state:

## INTRODUCTION

Under the Fair Labor Standards Act, employers must include on-call pay in employees' regular rate—the rate used to calculate the overtime premium. City of Bettendorf (Bettendorf or the City) employees are on-call for the sewer/storm water department, the street department, and snow removal but Bettendorf failed to add employees' on-call pay to their regular rate. Plaintiffs bring this action on behalf of themselves and similarly situated employees to recover unpaid wages and overtime.

## THE PARTIES

1. Corry Shipley works in the Bettendorf Public Works Department.

2. Mr. Shipley currently serves as President of American Federation of State, County and Municipal Employees, Council 61 (hereinafter "AFSME").

3. Mark Schultz works in the Bettendorf Public Works Department.

4. Mr. Schultz currently serves as Vice President of AFSME Council 61.

5. Mr. Shipley, Mr. Schultz, and the class of employees they seek to represent receive on-call pay during select weeks throughout the year.

6. Plaintiffs seek to bring an FLSA claim as a representative action on behalf of "all persons who worked over 40 hours per week during weeks he or she receiving on-call pay from July 1, 2020 to present."

7. Plaintiffs seek to bring their Chapter 91A wage claims as a class action on behalf of "all Bettendorf employees who worked over 40 hours per week during a week he or she received on-call pay from July 1, 2020 to the present."

8. Bettendorf is a municipality located in Scott County, Iowa.

9. Bettendorf is a political subdivision bound by the Fair Labor Standards Act.

10. Bettendorf is an employer as the term is defined in both the Fair Labor Standards Act and the Iowa Wage Payment Collection Act.

11. Plaintiffs and the individuals they seek to represent are employees as the term is defined in both the Fair Labor Standards Act and the Iowa Wage Payment Collection Act.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs seek to bring claims on behalf of a class defined as all persons who worked over 40 hours per week during weeks the employees received on-call pay from July 1, 2020 to present.

13. Bettendorf's policy is to pay both exempt and non-exempt employees time-and-a-half for all hours they work over forty (40) except that the City does not pay department heads or division heads overtime.

14. Plaintiffs do not seek to represent any department heads or division heads.

15. Plaintiffs bring Count I of this action as a collective action under the FLSA on behalf of the class defined above. A collective action is appropriate because the employees described are "similarly situated" to the named plaintiffs. 29 U.S.C. § 216(b).

16. Plaintiffs bring Count II as a class action pursuant to Iowa Rule of Civil Procedure 1.261, *et. seq.* on behalf of the class defined above.

17. Certification of a class of person who may receive relief pursuant to Count II is appropriate pursuant to Iowa R. Civ. P. 1.261 because:

   a. The class is so numerous or so constituted that joinder of all members, whether or not otherwise required or permitted, is impracticable,

   b. There are questions of law or fact common to the class,

   c. The named Plaintiffs' claims are typical of those in the class.

   d. The named Plaintiffs will fairly and adequately protect the interests of the class and Plaintiffs have retain counsel experienced in matter of this type.

   e. Common questions of law predominate over questions affecting only individual members.

18. On information and belief, the class consists of 53 members.

19. As of the date of filing, approximately 40 current and former employees have signed opt-ins for this action. These are attached as Exhibit 1 to the Petition.

20. Evidence and testimony about Defendant's pay practices and calculations of the employee's regular rates will affect and apply to claims of all class members. Purely individual questions will be restricted to damages.

## COMMON ALLEGATIONS OF FACT

21. The American Federation of State, County and Municipal Employees, Council 61 (hereinafter "AFSME") collectively bargains for Plaintiffs and similarly situated employees.

22. Prior to July 1, 2020, Bettendorf and AFSME negotiated that all overtime would be paid based on the employees' regular straight hourly rate of pay.

23. Prior to July 1, 2020, Bettendorf and AFSME negotiated that employees could elect to receive compensatory time instead of overtime and that compensatory time would be computed in hours at the applicable overtime rate.

24. This bargained for exchange, that overtime would be paid at 1.5 times the employee's *straight* hourly rate, was included in the contract between AFMSE and Bettendorf that expired on June 30, 2020.

25. Effective July 1, 2020, the contract between AFMSE and Bettendorf no longer included provisions governing overtime or compensatory time, as allowed by legislative changes to Chapter 20 of the Iowa Code.

26. After July 1, 2020, Bettendorf continued to calculate employees' overtime rate based solely on an employee's regular straight hourly rate of pay.

27. From the closest pay period to November 15 through March 31, select employees are paid $100 per week to remain on-call for snow removal.

28. On a six-week rotating schedule, heavy equipment operators in the sewer/storm water department are on call. Each on-call employee receives on-call pay of $100 per week.

29. On a three-week rotating schedule, light equipment operators in the sewer/storm water department are on call. Each on-call employee receives on-call pay of $100 per week.

30. Employees in the sewer/storm water department can take additional on-call weeks outside of their assigned weeks in the rotating schedule. Employees receive $100 in on-call pay when they pick up a week.

31. On a nine-week rotating schedule, employees in the street department are on-call. Each on-call employee receives on-call pay of $100 per week.

32. Employees who receive on call pay and work overtime to plow snow are paid hourly for the snow removal work regardless of their typical pay structure.

33. When the City calculates an employee's regular rate for overtime, it failed to include on-call premiums in its calculations.

34. Effective around July 1, 2020, Bettendorf amended its employee handbook to include a section on compensatory time.

35. Bettendorf required all employees sign an acknowledgment that they received the handbook.

36. Bettendorf's handbook states the following for AFSCME – General – Non-transit employees:

> An employee may elect to receive compensatory time off in lieu of overtime pay. Compensatory time off shall be computed in hours at the applicable overtime rate and shall be scheduled by mutual agreement between the employee and the supervisor. When work is slow, the Employer may request employees use accrued compensatory time off. Comp time must be used in one (1) hour increments, unless otherwise approved by the Department Head.
>
> Employees may not accumulate more than one hundred twenty (120) hours of compensatory time per calendar year. Employees will be paid for any unused compensatory time upon layoff exceeding thirty (30) days or at termination. <u>Any comp time held as of the end the first pay period in November each calendar year will be paid to the employee on the first paycheck of December. The employee's bank will then be set to zero.</u>
>
> (Emphasis in original).

37. When Bettendorf pays out an employee's compensatory time it does not always pay out the compensatory time at the employee's regular rate at the time the employee receives the payment.

38. Prior to July 1, 2020, an employees' overtime rate was based solely on the employees' regular straight hourly rate.

39. After July 1, 2020, on-call pay must be included in an employee's regular rate.

40. Adding the on-call pay to an employee's regular rate increases the employee's regular rate by at least $2.50 per hour.

41. Adding an employee's on-call pay to an employee's regular rate increases the employee's hourly overtime rate by at least $3.75 per overtime hour.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiffs reassert and reallege paragraph 1 – 42 as if fully stated herein.

43. Defendants violated Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 206 & 207 by failing to adjust Plaintiffs' regular rate during the weeks Plaintiffs were on-call and worked overtime.

44. Plaintiffs and class members are entitled to relief pursuant to 29 U.S.C. §216(b).

## COUNT II: VIOLATIONS OF IOWA'S WAGE PAYMENT COLLECTION ACT

45. Plaintiffs reassert and reallege paragraphs 1 – 45 as if fully stated herein.

46. Bettendorf has failed to pay Plaintiffs and other class members the full amount of their wages earned, in violation of Iowa's Wage Payment Collection Law.

47. Defendants' acts violate the Iowa Wage Payment Collection Act.

48. Defendants' failure to pay these amount of wages and benefits is intentional.

49. Defendants have willfully and intentionally violated the Iowa Wage Payment Collection Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray this Court for the following relief:

1. Damages in an amount to be proven at trial, including lost wages and benefits, unpaid overtime, liquidated damages;

2. An order certifying the Class and/or allowing the action to proceed as a representative action under 29 U.S.C. § 216;

3. Injunctive relief requiring Defendants to comply with the FLSA;

4. An Order awarding Plaintiffs' their attorneys' fees and costs; and

5. Any other relief this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury.

Respectfully submitted,

/s/ Kelsey A.W. Marquard
Dorothy A. O'Brien, AT0005877
Kelsey A.W. Marquard AT0011433
O'BRIEN & MARQUARD, P.L.C.
2322 East Kimberly Road, Suite 100E
Davenport, IA 52807
563-355-6060  Telephone
563-355-6666  Facsimile
dao@emprights.com Email
kawm@emprights.com Email
ATTORNEYS FOR PLAINTIFF