IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **CORRY SHIPLEY & MARK SCHULTZ, on behalf of themselves and others similarly situated**  **Plaintiffs,**  v.  **CITY OF BETTENDORF, IOWA.**  **Defendant.** | ) ) ) ) ) **CASE NO. 3:22-cv-47** ) ) ) ) ) PLAINTIFFS' MOTION FOR ) CONDITIONAL CERTIFICATION AND ) NOTICE TO CLASS MEMBERS ) ) ) |

Come now Plaintiffs through their attorneys, O'Brien & Marquard, P.L.C., and move this Court for its order conditionally certifying this case under the Fair Labor Standards Act, 29 USC 216(b). Plaintiffs also seek the Court's approval of a notice to potential class members alerting them of this lawsuit and their right to participate, and finally, the Court's order tolling the statute of limitations for members of the potential class from November 1, 2022.

The two named Plaintiffs and forty-one opt-ins were or are employees of the City of Bettendorf, Iowa. They received on-call pay for their committed availability for either public works duties or snow removal, according to City policies. The City relied on the same policies for all employees to calculate the employees' overtime rates during the weeks the employees received on-call pay. The City's policies failed to incorporate the employees' on-call pay into the calculations of the regular rate, which affects the overtime rate. As public employees, potential class members were eligible to receive compensatory time in lieu of overtime. The City also failed to factor the on-call pay into

its calculation of how much compensatory time an employee earned for working over 40 hours in a week.

As the brief in support of this motion and the affidavits show, Plaintiffs all performed Public Works duties or snow removal duties on an on-call basis. Regardless of why an employee received on-call pay, the City relied on the same policies to calculate all employees' overtime rates. Contrary to FLSA requirements, the City failed to include the on-call pay in its calculation of any employees' regular rates. To the best of Plaintiffs' knowledge, all hourly employees were subjected to the same pay practices. Because they were subject to the same working conditions, pay practices, and performed similar jobs, the proposed class of all employees who worked overtime or received compensatory time during the weeks they received on-call pay from July 1, 2020 to the entry of judgment in this case should be conditionally certified by this court.

Plaintiffs also intend to seek certification of their class claims under Fed. R. Civ P. 23 for violations of the Iowa Wage Payment Collection Act. Because of the heightened standard of proof needed to support a Rule 23 class, Plaintiffs seek the Court's permission to file that motion after discovery has been undertaken.

WHEREFORE, Plaintiffs pray this Court for its order allowing conditional certification of this class, notice to potential class members, and the Court's order that the statute of limitations for members of the potential opt-in class is tolled as of the filing of this motion. In support of their motion, please see Plaintiffs' Brief in support of their Motion for Conditional Certification, the Affidavits of Plaintiffs and opt-in Plaintiffs, and the proposed notice.

Respectfully submitted,

*/s/ Kelsey A.W. Marquard*
Dorothy A. O'Brien, AT0005877
Kelsey A.W. Marquard AT0011433
O'BRIEN & MARQUARD, P.L.C.
2322 East Kimberly Road, Suite 100E
Davenport, IA 52807
563-355-6060  Telephone
563-355-6666  Facsimile
dao@emprights.com Email
kawm@emprights.com Email
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

This Motion was served on Defense counsel, Jason Craig (jcraig@ahlerslaw.com) and Aaron Hilligas (ahilligas@ahlerslaw.com), through ECF on November 1, 2022.

/s/ Kelsey A.W. Marquard
Kelsey A.W. Marquard