IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CORRY SHIPLEY & MARK SCHULTZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BETTENDORF, IOWA,<br><br>Defendant. | No. 3:22-cv-00047-RGE-HCA<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION |

**I.     INTRODUCTION**

Plaintiffs Corry Shipley and Mark Schultz, on behalf of themselves and others similarly situated, bring this action against their employer, Defendant City of Bettendorf. Plaintiffs sue to recover unpaid overtime compensation. Plaintiffs move for conditional certification of a collective action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 *et seq.*, and approval of a proposed notice to putative collective action members.[1] Pls.' Mot. Conditional Certification, ECF No. 13. Plaintiffs also ask the Court to equitably toll the statute of limitations from the date of filing of their motion for conditional certification. *Id.* at 1–2.

As explained below, Plaintiffs have only partially met their burden of demonstrating the proposed collective action members are similarly situated. Conditional certification is appropriate with respect to current and former City employees who received overtime pay during weeks they also earned on-call pay. Conditional certification is not warranted, however, with respect to current

---

[1] Plaintiffs state they also intend to seek class action certification pursuant to Federal Rule of Civil Procedure 23 and ask the Court for "permission to file that motion after discovery has been undertaken." ECF No. 13 at 2. The Court addresses Plaintiffs' request in Part IV.D.

and former City employees who received payouts for compensatory time during weeks they also earned on-call pay. Accordingly, the Court grants in part and denies in part Plaintiffs' motion for conditional certification. The Court authorizes notice to potential collective action members consistent with the provisions of this Order set forth below and tolls the statute of limitations from November 1, 2022, until the date Plaintiffs' approved opt-in period begins to run.

## II.  BACKGROUND

Plaintiffs are or were employees of the City's sewer, storm water, and street departments. *See* Pls.' Br. Supp. Conditional Certification 2, ECF No. 13-1. Employees in these departments are on-call on a rotating basis and receive $100 for each week they are on-call. *Id.*; Pet. ¶¶ 28–31, ECF No. 1-2; *see also* Bailey Aff. ¶ 3, Pls.' Ex. 2 Supp. Mot. Conditional Certification 1, ECF No. 13-3. Select employees are paid $100 per week between November 15 and March 31 each year to remain on-call for snow removal. ECF No. 13-1 at 2; ECF No. 1-2 ¶ 27. The City's employee handbook states overtime will be paid to both exempt and non-exempt employees at one and one-half times their regular straight time hourly pay when employees are required to work more than forty hours per week. Pls.' Ex. 3 Supp. Mot. Conditional Certification 4–6, ECF No. 13-4. Plaintiffs allege the City failed to include on-call pay when calculating Plaintiffs' overtime rate. *See* ECF No. 13-1 at 2.

Plaintiffs also allege the City failed to include on-call pay when it issued payments for employees' unused compensatory time. *Id.* City employees are eligible to receive compensatory time instead of overtime pay pursuant to the City's employee handbook. *Id.* at 8; ECF No. 1-2 ¶¶ 34–36; *see* ECF No. 13-4 at 4–6. Compensatory time is computed in hours at the applicable overtime rate. ECF No. 1-2 ¶ 36; ECF No. 13-4 at 5. Unused compensatory time is paid out to certain employees at the end of each year. *See* ECF No. 1-2 ¶ 36; ECF No. 13-4 at 5–6. Plaintiffs allege the City did not factor in on-call pay when determining how much compensatory time

employees earned. ECF No. 13-1 at 2.

In July 2022, Plaintiffs filed suit in the Iowa District Court for Scott County on behalf of themselves and other similarly situated current and former City employees to recover unpaid wages and overtime. ECF No. 1-2 at 1. In their complaint, Plaintiffs assert two counts against the City. ECF No. 1-2 ¶¶ 42–49. Plaintiffs allege one count for violations of the FLSA, 29 U.S.C § 216(b), (Count I) and another for violations of the Iowa Wage Payment Collection Law, Iowa Code chapter 91A, (Count II). *Id.* Plaintiffs bring Count I as a collective action under the FLSA and Count II as a class action pursuant to Federal Rule of Civil Procedure 23. ECF No. 13 at 1–2. In August 2022, the City removed Plaintiffs' lawsuit to this Court. Notice Removal, ECF No. 1. Three months later, Plaintiffs filed a motion for conditional certification of a collective action under the FLSA. ECF No. 13 at 1–2. In December 2022, the City filed a response. ECF No. 17. Plaintiffs did not file a reply.

The parties do not request oral argument, and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b); LR 7(c). Having considered the parties' briefing and applicable law, the Court grants in part and denies in part Plaintiffs' motion to conditionally certify a collective action for the reasons set forth below.

### III.   LEGAL STANDARD

The FLSA allows employees to bring a collective action to recover for violations of the Act's overtime compensation requirements on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts have discretion in determining whether to certify a collective action under the FLSA. *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d, 870, 891 (N.D. Iowa 2008) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). When a plaintiff seeks to certify an FLSA collective action, courts in the Eighth Circuit typically proceed in two stages: first, the "conditional certification" or "notice" stage and,

second, the "final certification" or "decertification" stage. *See, e.g.*, *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1018–19 (S.D. Iowa 2016); *Bouaphakeo*, 564 F. Supp. 2d at 891 ("The two-step approach to collective action certification distinguishes between conditional class certification, generally made at the 'notice stage,' and a final class certification determination made after discovery is largely completed.") (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005) (cleaned up)).

The first stage, undertaken early in the litigation, requires the Court to consider whether conditional certification of the collective action is appropriate for notice purposes. *Tegtmeier*, 208 F. Supp. 3d at 1018. To carry their "more lenient" burden at this stage, Plaintiffs must provide "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008) (internal citations omitted). Neither the FLSA nor the Eighth Circuit Court of Appeals defines "similarly situated" in this context. *Frazier v. PJ Iowa, L.C.*, 337 F. Supp. 3d 848, 862 (S.D. Iowa 2018) (citing *Bouaphakeo*, 564 F. Supp. 2d at 890). "[P]laintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required." *Robinson*, 254 F.R.D. at 99 (quoting *Bouaphakeo*, 564 F. Supp. 2d at 892). Courts generally "require[] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* at 99–100 (quoting *Bouaphakeo*, 564 F. Supp. 2d at 892). Courts do not consider the merits of a plaintiff's claim in the conditional certification analysis. *Tegtmeier*, 208 F. Supp. 3d at 1022. Nor does the Court "make any credibility determinations with respect to the evidence presented." *Id.* at 1019 (quoting *Andersen v. Wells Fargo Fin., Inc.*, No. 4:11-cv-00085, 2012 WL 12871958, at *3 (S.D. Iowa Feb. 6, 2012)). Instead, conditional certification is appropriate so long as "some identifiable facts or legal nexus . . . bind the claims" and "hearing the cases together promotes judicial efficiency." *Id.* As a result, "conditional certification

of a representative class is generally granted." *Frazier*, 337 F. Supp. 3d at 863 (S.D. Iowa 2018) (quoting *Campbell v. Amana Co., L.P.*, No. C99-75 MJM, 2001 WL 34152094, at *2 (N.D. Iowa Jan. 4, 2001)).

"If the Court conditionally certifies a class, the Court has discretion to facilitate the opt-in process and authorize court-supervised notice to potential opt-in plaintiffs." *Id.* at 861. Similarly situated employees may opt-in as "party plaintiff[s]" by giving "consent in writing to become such a party" and filing that consent with the Court. 29 U.S.C. § 216(b). The opt-in process distinguishes collective actions from class actions proceeding under Federal Rule of Civil Procedure 23. *See Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 n.4 (8th Cir. 2014) ("FLSA collective actions and Rule 23 class actions have separate procedures, such as the 'opt in' requirement to an FLSA collective action and the 'opt out' requirement for a Rule 23 class action.").

At the second stage of the certification process, after the opt-in period has closed and class-related discovery has been completed, "the Court determines definitively whether the named plaintiff is similarly situated with the other plaintiffs who have opted in." *Tegtmeier*, 208 F. Supp. 3d at 1019 (citing *Bouaphakeo*, 564 F. Supp. 2d at 892). This determination is typically triggered by the defendant's motion to decertify the class. *Id.* The "similarly situated" inquiry at this stage is more fact-intensive than before, and the Court must consider the "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Bouaphakeo*, 765 F.3d at 796 (second alteration in original) (quoting *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)). If the Court determines the named plaintiff is not similarly situated to the opt-in collective members, then "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." *Grove v. Meltech, Inc.*,

No. 20CV193, 2020 WL 7133568, at *5 (D. Neb. Dec. 3, 2020) (quoting *Gathmann-Landini v. Lululemon USA Inc.*, No. CV 15-6867, 2018 WL 3848922, at *9 (E.D.N.Y. Aug. 13, 2018).

## IV.  DISCUSSION

This action is at the conditional certification stage. As such, the Court first considers whether Plaintiffs have met their burden of demonstrating they are similarly situated to members of their proposed collective action class. The Court concludes Plaintiffs have only partially met this burden. Plaintiffs fail to show Plaintiffs are similarly situated to City employees who received compensatory time during weeks they were on-call. Plaintiffs did, however, meet their burden of establishing Plaintiffs are similarly situated to City employees who received overtime pay during weeks they were on-call. The Court therefore grants conditional certification of a narrower collective action class than the one proposed by Plaintiffs.

### A.   Conditional Certification of Collective Action

Plaintiffs seek conditional certification of the following proposed collective action class:

> All current and former hourly workers who worked for the City of Bettendorf, Iowa, and worked overtime or received compensatory time during weeks the employee received pay to be on-call for the City from July 1, 2020 to the present.

Ex. 1 Supp. Mot. Conditional Certification 2, ECF No. 13-2. Plaintiffs argue conditional certification is appropriate because they are similarly situated to the putative class members. ECF No. 13-1 at 3. Plaintiffs argue they are similarly situated because they are all employees who performed on-call public works services and were paid according to the same City pay policies. *Id.* The City concedes Plaintiffs have satisfied the lenient standard for conditional certification as it relates to overtime pay, but contests Plaintiffs' efforts as to compensatory time. ECF No. 17 at 5. The City argues Plaintiffs did not present any evidence of similarly situated employees being underpaid as it relates to compensatory time. *Id.* Therefore, the City asks the Court to narrow Plaintiffs' proposed collective action class definition by denying class certification to current and

6

former hourly City employees who "received compensatory time." *Id.* at 5–6. The Court agrees that Plaintiffs' proposed collective action class definition is overbroad. For the reasons explained below, the Court conditionally certifies the following defined collective action class:

> All current and former hourly employees of the City of Bettendorf, Iowa working in the sewer/storm water department, the street department, or performing snow removal work, who worked overtime during a week the employee received pay to be on-call during the period of July 1, 2020 through July 1, 2022.

### 1. Plaintiffs' proposed collective action class definition

The Court first considers whether Plaintiffs have met their burden to show they are similarly situated to the proposed members of their collective action by providing "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Robinson*, 254 F.R.D. at 99 (quoting *Dietrich*, 230 F.R.D. at 577). "[S]igned declarations or affidavits provide appropriate support for motions to conditionally certify a class." *Frazier*, 337 F. Supp. 3d at 865 (alteration in original) (quoting *Stouder v. Turblex, Inc.*, No. 10-3069-CV, 2010 WL 11619552, at *2 (W.D. Mo. Aug. 31, 2010)); *see also Chin v. Tile Shop, L.L.C.*, 57 F. Supp. 3d 1075, 1082 (D. Minn. 2014) (observing "courts usually rely on the pleadings and any affidavits submitted by the plaintiff" at the conditional certification); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (noting even one signed declaration from a former employee may provide support for conditional certification).

In support of their motion for conditional certification, Plaintiffs submit affidavits from seven current and former City employees stating they received on-call pay that was not factored into their overtime rate. *See* Bailey Aff. ¶ 6, ECF No. 13-3 at 1; Conger Aff. ¶ 2, Pls.' Ex. 2 Supp. Mot. Conditional Certification at 4, ECF No. 13-3; Gerboth Aff. ¶ 6, Pls.' Ex. 2 Supp. Mot. Conditional Certification at 6, ECF No. 13-3; Shipley Aff. ¶ 6, Pls.' Ex. 2 Supp. Mot. Conditional Certification at 9, ECF No. 13-3; Schultz Aff. ¶ 6, Pls.' Ex. 2 Supp. Mot. Conditional Certification

at 12, ECF No. 13-3; Speidel Aff. ¶ 4, Pls.' Ex. 2 Supp. Mot. Conditional Certification at 15, ECF No. 13-3; Verhelst Aff. ¶ 4, Pls.' Ex. 2 Supp. Mot. Conditional Certification at 17, ECF No. 13-3. The affiants state City employees in the sewer/storm water and street departments and employees who performed snow removal were subject to the same on-call pay policies. *See* Bailey Aff. ¶¶ 3–5, ECF No. 13-3 at 1; Conger Aff. ¶ 3, ECF No. 13-3 at 4, Gerboth Aff. ¶¶ 2–5, ECF No. 13-3 at 6; Shipley Aff. ¶¶ 2–5, ECF No. 13-3 at 9; Schultz Aff. ¶¶ 2–5, ECF No. 13-3 at 12; Speidel Aff. ¶¶ 2–3, ECF No. 13-3 at 15; Verhelst Aff. ¶¶ 2–3, ECF No. 13-3 at 17. Additionally, Plaintiffs submit an excerpt from the City's employee handbook outlining the City's overtime and compensatory time policies. *See* ECF No. 13-4 at 4–6. Plaintiffs' pleadings and affidavits sufficiently allege they and other members of the proposed collective action class were subject to the same City "policy or plan" with respect to overtime pay. *Cf. Bouaphakeo*, 564 F. Supp. 2d at 892 (internal citation omitted). This is enough to satisfy Plaintiffs' modest burden to show they are similarly situated to members of the putative collective action with respect to overtime pay. *Cf. Frazier*, 337 F. Supp. 3d at 866–67.

Plaintiffs have not, however, met their burden of showing they are similarly situated to members of the putative collective action with respect to compensatory pay. Even though the bar is low at this first stage of conditional certification, Plaintiffs must provide "more than mere allegations." *Robinson*, 254 F.R.D. at 99. Plaintiffs provide no evidence of similarly situated City employees being underpaid as it relates to compensatory time. *See generally* ECF No. 13-1; Pls.' Ex. 2 Supp. Mot. Conditional Certification, ECF No. 13-3. The affidavits submitted by Plaintiffs only allege the City failed to factor on-call pay into the overtime rate paid to potential collective action members. They are silent as to compensatory time. Similarly, nothing in Plaintiffs' briefings suggests the named Plaintiffs received compensatory time during weeks they also received pay to be on-call. *See generally* ECF No. 13-1. Plaintiffs merely allege the "City provides for a

compensatory time policy . . . that applies to all eligible class members." *Id.* at 8. It is not enough for Plaintiffs to show all putative collective action members were governed by the same City policy. They must also provide some evidence they were victims of violations of that policy. *See Bouaphakeo*, 564 F. Supp. 2d at 892 ("Conditional certification in the first step requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.") (internal citation and quotation marks omitted). Here, Plaintiffs provide no evidence they or other similarly situated collective action members were victims of the City's allegedly unlawful compensatory time policy. Their pleadings and affidavits only provide evidence they and other similarly situated employees were victims of the City's allegedly unlawful overtime policy. The Court thus finds "a blatant and significant difference exists between the named plaintiffs and some of those they wish to include in the collective action class." *Bouaphakeo*, 564 F. Supp. 2d at 900. As such, Plaintiffs' proposed collective action class definition is overbroad.

### 2.   The Court's revised collective action class definition

"When a class definition is overbroad, the Court may impose a narrower definition that more appropriately defines the class." *Copp v. Am. Enter. Servs. Co.*, No. 4:11-CV-189 RP-CFB, 2012 WL 1555097, at *2 (S.D. Iowa Apr. 24, 2012); *see Bouaphakeo*, 564 F. Supp. 2d at 900–01 ("[I]t is well within the court's discretion to refine Plaintiffs' proposed collective action class in this manner."). The Court next considers whether to reformulate Plaintiffs' proposed collective action definition and conditionally certify a narrower collective action class. In so doing, the Court considers several amendments offered by the City to narrow the scope of Plaintiffs' proposed collective action class. The Court concludes the City's proposed collective action class definition should be adopted because it "more appropriately" defines the collective action. *Cf. Copp*, 2012 WL 1555097, at *2.

The City objects to several aspects of Plaintiffs' proposed collective action definition as overbroad. ECF No. 17 at 5–7. The City first objects to Plaintiffs' use of the term "workers." The City argues the collective definition should use the term "employees," rather than "workers," because the FLSA only applies to employees. ECF No. 17 at 6 (citing 29 U.S.C. §§ 203(e)(1), 216(b)). Next, the City argues the collective action definition should be limited to a subset of current and former City employees. *Id.* The City contends the definition should encompass only individuals employed by the City's sewer/storm water and street departments and those employees who perform snow removal. *Id.* Third, the City objects to the inclusion of employees who "received compensatory time" in Plaintiffs' proposed definition because Plaintiffs presented no evidence of similarly situated employees who were underpaid with respect to compensatory time *Id.* at 6–7. Finally, the City argues the collective action definition should cover a shorter time period than the one proposed by Plaintiffs. *Id.* at 7.

The City's proposed modifications to Plaintiffs' collective action definition "more appropriately" define the collective action. *Copp*, 2012 WL 1555097, at *2. With respect to the City's first objection, the Court agrees the term "employees" should be substituted for "workers" for accuracy. *See Childress v. Ozark Delivery of Mo. L.L.C.*, 95 F. Supp. 3d 1130, 1138 (W.D. Mo. 2015) ("The existence of an employer-employee relationship is a prerequisite to asserting a claim under the FLSA."). The Court also finds the collective action definition should be limited to current and former hourly City employees in the sewer/storm water and street departments and employees who performed snow removal work. Plaintiffs' allegations relate solely to employees in these lines of work. *See generally* ECF No. 1; ECF No. 13-1; ECF No. 13-2. Thus, narrowing the collective action definition to identify these three categories of employees better defines the collective action. As previously explained, the Court agrees that Plaintiffs are not similarly situated to employees who received compensatory time during weeks they received pay to be on-call for

the City. Therefore, the collective action definition should be revised to remove all references to compensatory time. Finally, the class period should be limited to July 1, 2020 through July 1, 2022—not "to the present," as Plaintiffs propose. Plaintiffs acknowledge the City has revised its payment policy since the filing of litigation. ECF No. 13-1 at 4 n.1. Plaintiffs' submitted affidavits state the City's payment policy at issue in this lawsuit was in effect until July 1, 2022. *See, e.g.*, Bailey Aff. ¶ 6, ECF No. 13-3 at 1. Extending the class beyond July 1, 2022, risks including employees who were not subject to a "single decision, policy or plan" and, thus, not similarly situated to Plaintiffs. *Bouaphakeo*, 564 F. Supp. 2d at 892.

In conclusion, Plaintiffs have failed to sustain their burden of demonstrating "[a]ll current and former hourly workers who worked for the City [] and worked overtime or received compensatory time during weeks the employee received pay to be on-call for the City" are similarly situated. ECF No. 13-2 at 1. Plaintiffs have met their burden, however, of demonstrating a narrower group of City employees—those who worked overtime during a week they received pay to be on-call and worked in the sewer/storm water and street departments or performed snow removal work—are similarly situated. Accordingly, the Court conditionally certifies the following collective action class under the FLSA:

> All current and former hourly employees of the City of Bettendorf, Iowa working in the sewer/storm water department, the street department, or performing snow removal work, who worked overtime during a week the employee received pay to be on-call during the period of July 1, 2020 through July 1, 2022.

**B.     Proposed Notice to Potential Collective Members**

Having determined conditional certification to be appropriate for the above-defined class, "the Court has discretion to facilitate the opt-in process and authorize court-supervised notice to potential opt-in plaintiffs." *Frazier*, 337 F. Supp. 3d at 861–62; *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 939 (D. Minn. 2009) (citing *Hoffmann-La Roche Inc. v. Sperling*,

493 U.S. 165, 169 (1989)). The details of what should be included in such court-facilitated notice are left to the district court's broad discretion. *See Hoffmann-La Roche*, 493 U.S. at 170. The goal of the notice process is to ensure potential plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." *Id.* at 170. "Approving notice before it is sent (and resolving any disputes concerning the notice's contents or form) helps a court 'ensure that [the notice] is timely, accurate, and informative.'" *Tegtmeier*, 208 F. Supp. 3d at 1023–24 (alteration in original) (quoting *Hoffmann-La Roche*, 493 U.S. at 172). Although district courts have substantial discretion in facilitating the notice process following conditional certification of an FLSA collective action, they "must be scrupulous to respect judicial neutrality" and "avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche*, 493 U.S. at 174.

### 1. Content of notice form

Plaintiffs request the Court approve their proposed "Notice of Lawsuit with Opportunity to Join," ECF No. 13-2, to be sent to potential opt-in collective action members. ECF No. 13 at 2. Plaintiffs' proposed notice contains eight sections. *See* ECF No. 13-2 at 2–5. The City raises several "minor" objections to the contents of the notice and proposes a series of amendments to make the notice "more accurate." ECF No. 17 at 8–9; *see* Def.'s Ex. Supp. Resist. Pls.' Mot. Conditional Certification, Revised Proposed Notice, ECF No. 17-1. The Court finds the City's proposed revisions ensure the notice is "accurate[] and informative." *Hoffmann-La Roche*, 493 U.S. at 172. As such, the Court approves all amendments offered by the City.

The City first proposes revising the notice form's "TO" subject line "to match the class definition proposed by the City." ECF No. 17 at 8; *See* ECF No. 13-2 at 2. The Court agrees Plaintiffs' proposed notice should be revised to reflect the narrower collective action class definition conditionally certified by the Court. *See supra* Part IV.A.2. Accordingly, Plaintiffs'

notice form shall be addressed to:

> All current and former hourly employees of the City of Bettendorf, Iowa working in the sewer/storm water department, the street department, or performing snow removal work, who worked overtime during a week the employee received pay to be on-call during the period of July 1, 2020 through July 1, 2022.

Second, the City proposes inserting the word "alleged" before "failure to properly calculate overtime in the "RE" paragraph. ECF No. 17 at 8. The revision is granted.

Third, the City proposes four edits to the notice form's "Introduction" paragraph. The proposals include: 1) changing the date the lawsuit was filed from July 7, 2020 to July 11, 2022, to reflect the correct date; 2) stating the City "removed" rather than "moved" the action to federal court; 3) replacing all references to the City as "City," for consistency; and 4) deleting the sentence alleging the City violated the FLSA "by not paying eligible overtime" because Plaintiffs have not alleged such a claim. *Id.* at 8–9. The City's proposed revisions are granted.

Fourth, the City proposes replacing Plaintiffs' proposed class definition with the City's proposed definition in the paragraph entitled "Composition of the Collective Action Class." *Id.* at 9. As discussed, the Court conditionally certifies a narrower collective action class definition than the one proposed by Plaintiffs. Plaintiffs are therefore directed to revise this paragraph to match the Court's definition of the collective action class.

Fifth, the City proposes two edits to the third paragraph in Plaintiffs' proposed notice, entitled "Your Right to Participate in the Litigation." *Id.* The City asks the Court to replace the reference to "BE&K and/or KBR" to "the City" and to revise Plaintiffs' description of their proposed collective action class. *Id.* Plaintiffs are directed to replace the reference to "BE&K and/or KBR" to "the City" and to revise the paragraph to match the Court's definition of the conditionally certified collective action class.

Sixth, the City requests that references to "collective action plaintiffs" and "collective

action representative" be changed to "named plaintiffs" for consistency in the paragraph entitled "Effect of Joining This Action." *Id.* The revision is granted.

Seventh, the City requests references to "Bettendorf" in the paragraph entitled "No Retaliation Permitted" be changed to "the City" for consistency. *Id.* The Court grants this revision.

Finally, the City requests the reference to the "Honorable Charles Wolle" be changed to the "Honorable Rebecca Goodgame Ebinger" and the reference to "Defendants" be changed to "the City." *Id.* These revisions are granted.

Plaintiffs propose that potential collective action members be given sixty-five days from the date of mailing of the notice to opt-in to the lawsuit. ECF No. 13-1 at 10. The City does not object to this aspect of Plaintiffs' proposed notice. ECF No. 17 at 11. The Court finds the sixty-five-day opt-in period to be reasonable. *See, e.g.*, *Tegtmeier*, 208 F. Supp. 3d at 1025 (authorizing sixty-day opt-in period); *Frazier*, 337 F. Supp. 3d at 875–76 (authorizing sixty-day opt-in period); *Grove*, 2021 WL 6618708, at *6 (authorizing ninety-day opt-in period). Accordingly, the Court orders Plaintiffs to change the reference to a sixty-day opt-in period in paragraph three of the proposed notice to sixty-five days.[2]

Following incorporation of the revisions outlined above, Plaintiffs are permitted to issue the proposed notice to potential collective action members—as defined by the Court— to inform putative plaintiffs of their right to opt-in to this lawsuit.

### 2. Method of notice

Plaintiffs propose that notice be provided by two methods. ECF No. 13-1 at 10. First, Plaintiffs propose that notice and consent forms be mailed by first-class mail to potential collective

---

[2] Section three of Plaintiff's proposed notice form inconsistently refers to both a sixty-day opt-in period and sixty-five-day opt-in period. Finding Plaintiffs' proposed sixty-five-day opt-in period to be reasonable, the Court instructs Plaintiffs to ensure the notice correctly identifies the opt-in period as sixty-five days from the first issuance of the notice.

action members. *Id.* Second, Plaintiffs ask the Court to order the City to post notice and consent forms in each workplace where potential collective action members are employed. *Id.* The City agrees Plaintiffs should provide notice by first-class mail but opposes posting notice and consent forms in workplaces. ECF No. 17 at 10.

The Court authorizes both methods of notice. "First class mail is generally considered to be the best form of notice." *Putman v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277 (S.D. Iowa 2011). As such, the Court finds notice by first-class mail appropriate. The Court also finds posting of notice and consent forms in each workplace where potential collective action members are employed to be appropriate. The City argues posting notice in the workplace would imply the City's endorsement of the lawsuit and be redundant. ECF No. 17 at 10. The Court does not find these arguments persuasive. "[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice." *Putman*, 276 F.R.D. at 277; *see also Grove*, 2021 WL 6618708, at *7 (approving posting notice of FLSA action on employer's premises in areas accessible to employees); *Simmons v. Ent. Holdings, Inc.*, No. 4:10CV00625 AGF, 2011 WL 855669, at *2 (E.D. Mo. Mar. 9, 2011) (approving "conspicuous[]" notice in employee break room). "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). "Given the purpose of notice of a collective action is to allow as many potential plaintiffs as possible the opportunity to participate in a case," the Court finds posting notice in City workplaces where potential collective action members are employed is appropriate. *Cf. Grove*, 2021 WL 6618708, at *7.

Plaintiffs request the City produce a list of names, addresses, and telephone numbers of all current and former hourly workers employed since July 7, 2020. ECF No. 13-1 at 7–8, 12. They

request the Court order the City to provide this information in both paper and electronic format. *Id.* at 11. The City does not oppose providing names and last-known addresses of potential collective action members to Plaintiffs. ECF No. 17 at 11. Because the Court conditionally certifies a narrower collective action class definition than the one proposed by Plaintiffs, Plaintiffs' request is overbroad. The City is directed to provide a list of names and addresses for all potential collective action members—as defined by the Court in this Order. Plaintiffs need not provide telephone numbers for potential collective action members because neither of Plaintiffs' requested methods of disseminating notice to collective action members necessitates Plaintiffs' use of telephone numbers. Plaintiffs do not offer any explanation for how they would use potential collective action members' telephone numbers to facilitate the opt-in process. *See generally* ECF No. 13-1. "[L]egitimate concerns with improper solicitation, even unintentional, and privacy [] counsel against providing telephone numbers without some showing" notice by first-class mailing and posting in City workplaces has been ineffective. *Cf. Harvey v. AB Electrolux*, 857 F. Supp. 2d 815, 820 (N.D. Iowa 2012).

Plaintiffs also ask the Court to approve their proposed opt-in consent form. *See* ECF No. 13-1 at 4–5, 10. Plaintiffs state the consent form is appended to its motion for conditional certification. *Id.* No such form has been submitted to the Court for approval. *See generally* ECF No. 13-2. As such, the City requests Plaintiffs' proposed consent form be subject to review and comment by the City—and approval of the Court—before being sent to potential collective action members. ECF No. 17 at 9. The Court grants this request and directs Plaintiffs to file their proposed consent form within ten days of the date of this Order. The City shall have five days to file a response to Plaintiffs' draft. Thereafter, the Court will finalize the consent form.

      C.    **Tolling of Statute of Limitations**

Plaintiffs argue the statute of limitations should be equitably tolled from the date of filing

of their motion for conditional certification: November 1, 2022. ECF No. 13 at 1. The City does not resist Plaintiffs' request for equitable tolling from November 1, 2022 through the date of this Order. ECF No. 17 at 11.

Generally, FLSA claims have a two-year statute of limitations. 29 U.S.C. § 255(a). Where there has been a willful violation by an employer, there is a three-year statute of limitations. *Id.* Whether "violations of the FLSA were willful is an issue going to the merits of the case and not whether notice should be issued to potential claimants." *Frazier*, 337 F. Supp. 3d at 876 (quoting *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 942 (W.D. Ark. 2007)). "The facts concerning willfulness must be elicited during discovery, and Defendants may challenge the three-year statute of limitations [] at an appropriate time." *Id.* (quoting *Resendiz-Ramirez*, 515 F. Supp. 2d at 942–43). "District courts in the Eighth Circuit commonly grant equitable tolling for the time it takes the court to rule on a conditional certification motion." *Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM, 2021 WL 7185079, at *6 (N.D. Iowa Jan. 25, 2021) (internal quotation marks and citation omitted); *see also Vinsant v. MyExperian, Inc.*, No. 2:18-CV-02056, 2018 WL 3313023, at *5 (W.D. Ark. July 5, 2018) ("[T]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in an FLSA case, may be deemed an extraordinary circumstance[] justifying application of the equitable tolling doctrine.") (internal quotation marks and citation omitted).

The Court finds it appropriate to toll the statute of limitations from November 1, 2022—the date Plaintiffs' motion for conditional certification was filed—until the date the opt-in period begins to run in order to account for the delay in ruling and the delay necessary to approve Plaintiffs' consent form. *Cf. Frazier*, 337 F. Supp. 3d at 876.

**D.     Plaintiffs' Request to Delay Rule 23 Class Certification**

In addition to conditional certification of a proposed collective action under the FLSA,

17

Plaintiffs also seek class certification under Federal Rule of Civil Procedure 23 for violations of the Iowa Wage Payment Collection Act. ECF No. 13 at 2. Plaintiffs seek to delay Rule 23 class certification of their state law claims until discovery has been conducted. *Id.* The City does not appear to resist Plaintiffs' request. *See* ECF No. 17 at 2–3.

The Southern District of Iowa's Local Rule 23(a) provides that a party seeking to maintain a class or representative action must file a motion for class certification within 180 days after commencement of the action. L.R. 23(a). Plaintiffs filed this action in the Iowa District Court for Scott County on July 11, 2022, and the City removed the lawsuit to this Court August, 9, 2022. ECF No. 1-2 at 1. Given the proximity of the filing deadline, the Court grants Plaintiffs' request to file its motion for class action certification after the conclusion of discovery. The Court, however, directs the parties to include firm deadlines in their proposed scheduling order and discovery plan submitted for approval by the magistrate judge.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs Corry Shipley and Mark Schultz's Motion for Conditional Certification and Notice to Class Members, ECF No. 13, is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the following collective action class shall be conditionally certified, represented by the named Plaintiffs Corry Shipley and Mark Schultz:

> All current and former hourly employees of the City of Bettendorf, Iowa working in the sewer/storm water department, the street department, or performing snow removal work, who worked overtime during a week the employee received pay to be on-call during the period of July 1, 2020 through July 1, 2022.

**IT IS FURTHER ORDERED** that Plaintiffs Corry Shipley and Mark Schultz, under the supervision of this Court, shall be permitted to issue notice to potential plaintiffs—as defined

above—by first-class mail and via the City's posting of notice in workplaces where putative collective action members are employed informing them of their right to opt-in to this case in the form of the proposed "Notice of Lawsuit with Opportunity to Join," ECF No. 13-2, consistent with the changes directed by this Order.

**IT IS FURTHER ORDERED** that Plaintiffs Corry Shipley and Mark Schultz must file their proposed "Consent to Become A Party Plaintiff" form—consistent with the rulings in this Order—within ten days of the date of this Order. Defendant City of Bettendorf shall have five days to file a response to Plaintiffs' draft. Thereafter, the Court will finalize the proposed consent form.

**IT IS FURTHER ORDERED** that Defendant City of Bettendorf shall provide names and addresses for all current and former hourly City employees working in the sewer/storm water department, the street department, or performing snow removal work between July 1, 2020 and July 1, 2022 to Plaintiffs in both paper and electronic format within fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** that the statute of limitations is tolled from November 1, 2022 until the sixty-five-day opt-in period begins to run.

**IT IS FURTHER ORDERED** that Plaintiffs Corry Shipley and Mark Schultz's request to file a motion to certify a class pursuant to Federal Rule of Civil Procedure 23 after discovery has concluded is **GRANTED.** The parties are ordered to a include firm deadlines in their proposed scheduling order and discovery plan submitted for approval by the magistrate judge.

**IT IS SO ORDERED.**

Dated on this 2nd day of February, 2023.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE