IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CORRY SHIPLEY and MARK SCHULTZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BETTENDORF, IOWA,<br><br>Defendant. | No. 3:22-cv-00047-RGE-WPK<br><br>FINAL ORDER APPROVING COLLECTIVE ACTION SETTLEMENT |

Now before the Court is the parties' Joint Motion to Approve Collective Action Settlement. As set forth below, the Court finds that the proposed settlement resolves a bona fide dispute, and is fair and equitable to all parties. Accordingly, the Court grants the motion.

I.  BACKGROUND FACTS AND PROCEEDINGS

Plaintiffs Corry Shipley and Mark Schultz filed this lawsuit on behalf of themselves and similarly situated employees of Defendant City of Bettendorf ("City") who worked in the sewer/storm water department, street department, and/or performed snow removal work. State Court Pet. 1, ECF No. 1-2; *see also id.* ¶¶ 1–7. Employees in the sewer/storm water department and street department are on-call on a rotating basis and receive $100 each week they are on call. *Id.* ¶¶ 28–31. Employees who perform snow removal work are also paid $100 each week to be on call for snow removal during the months of November through March. *Id.* ¶ 27. Shipley and Schultz allege that, beginning July 1, 2020, the City improperly failed to account for on-call pay when determining employees' overtime rate and when paying out compensatory time. ECF No. 1-2 ¶¶ 25–26, 33, 37–39. Count I was brought as a putative collective action under the Fair

1

Labor Standards Act, 29 U.S.C. § 216(b). *Id.* ¶¶ 42–44. Count II was brought as a putative class action under the Iowa Wage Payment Collection Law, Iowa Code chapter 91A. *Id.* ¶¶45–49. Both claims are based on same underlying allegations. *Id.* ¶¶ 25–26, 33, 37–39.

The Court previously certified the following FLSA collective:

> All current and former hourly employees of the City of Bettendorf, Iowa working in the sewer/storm water department, the street department, or performing snow removal work, who were paid overtime during a week the employee received pay to be on-call during the period of July 1, 2020 through July 1, 2022.

Order Granting Def.'s Mot. to Amend Collective Definition 1, ECF No. 59; *see also* Order Granting in Part and Den. in Part Pls.' Mot. for Conditional Certification 7, ECF No. 20. The Court refused to certify a collection action with respect to the compensatory time claims, finding Shipley and Schultz had failed to produce evidence that similarly situated employees were victims of an unlawful compensatory time policy of the City. ECF No. 20 at 8–9. A total of forty-one City employees, including Shipley and Schultz, have opted-in to the FLSA collective (collectively, "Plaintiffs"). Opt-In Notices, ECF No. 16-1; *see also* Consents to Become a Party Pl., ECF Nos. 33-1 to 33-11, 34-1, 35-1, 36-1, 37-1, 38-1, 39-1, 40-1, 41-1, 44-1, 45-1; ECF No. 59 at 1 (dismissing four opt-in Plaintiffs). Plaintiffs have not sought or obtained certification of a Rule 23 class on Count II.

The parties have now filed a Joint Motion to Approve of Collective Action Settlement. Jt. Mot. to Approve of Collective Action Settlement, ECF No. 60. A copy of the proposed Settlement Agreement is attached to the motion as Exhibit 1. Ex. 1 Supp. Jt. Mot. to Approve of Collective Action Settlement, ECF No. 60-1. The parties request that the Court approve the settlement and enter judgment dismissing the lawsuit with prejudice. ECF No. 60 at 1.

**II.   ANALYSIS**

The Eighth Circuit Court of Appeals has recognized there is a split among circuits over

2

whether judicial approval is required for FLSA settlements. *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021). The Eighth Circuit has declined to take a side on this issue. *Id.* However, courts within the Eighth Circuit, including the Southern District of Iowa, have approved FLSA settlements where 1) the case involves a bona fide dispute over FLSA provisions, and 2) the proposed settlement is fair and equitable. *See Guy v. DMG Installations, Inc.*, No. 4:20-cv-00331- SBJ, 2021 WL 4973251, at *4 (S.D. Iowa. Oct. 22, 2021) (collecting cases). Because a Rule 23 class has not been certified in this case and the parties do not seek a class settlement, the requirements of Rule 23 do not apply. *See, e.g.,* Fed. R. Civ. P. 23(e)(1)(A) advisory committee's note to 2003 amendment ("[Rule 23(e)] requires approval only if the claims, issues, or defenses of a *certified class* are resolved by settlement, voluntary dismissal, or compromise."); *Moore v. Ackerman Inv. Co.*, No. C 07-3058-MWB, 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b).").

The Court finds both prerequisites for approval of an FLSA collective action settlement have been met. First, the Court finds the settlement resolves a bona fide dispute between the parties. The lawsuit alleges the City improperly failed to factor on-call pay into Plaintiffs' regular rate when paying overtime and compensatory time. ECF No. 1-2 ¶¶ 25–26, 33, 37–39. The City denied these allegations and affirmatively alleged Plaintiffs were paid for any hours worked in excess of forty hours per week at a rate equal to one and one-half time their regular rate in compliance with the Fair Labor Standards Act. Answer, ECF No. 4. The City successfully resisted conditional certification of the compensatory time claims on the basis there was insufficient evidence of similarly situated employees being damaged as it relates to

3

compensatory time. ECF No. 20 at 8–9; *see also* Def.'s Resp. Pls.' Mot. for Conditional Certification 5–7, ECF No. 17. The record also reveals disputes between the parties concerning the proper calculation for any back wages owed and the ability of Plaintiffs to simultaneously maintain a Rule 23 class action and an FLSA collective action. Jt. Br. Supp. Mot. to Approve Collective Action Settlement 8–9, ECF No. 60-2.

Second, the Court finds that the settlement is fair and equitable to the parties. In making this assessment, the Court may consider a "'broad array of factors.'" *Rowe v. Iowa*, No. 4:19-cv-00256-SHL-SBJ, 2023 WL 7101875, at *2 (S.D. Iowa Aug. 21, 2023) (quoting *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, No. 3:16-cv-00026, 2017 WL 821656, at *4 (S.D. Iowa Jan. 10, 2017)). These factors include:

1. The amount of overtime to which class members may be entitled;

2. Whether the employee initiated the claim in a lawsuit;

3. Whether the employee is represented by counsel;

4. Whether the employer appears to be able to exercise undue leverage or influence over the employee;

5. How close to full compensation of the employees claim is the proposed settlement;

6. Whether the settlement includes or excludes liquidated damages and/or the employee's attorney's fees and expenses;

7. Whether the proposed settlement requires the employee to release other non-FLSA claims or places other restrictions on the employee in order to receive FLSA compensation;

8. The extent of discovery that has taken place;

9. The stage of the proceedings, including the complexity, expense, and likely duration of the litigation;

10. The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

11.     The absence of fraud or collusion in the settlement;

12.     Whether the settlement agreement is the product of arm's-length bargaining; and

13.     The experience of counsel who have represented the plaintiffs.

*Id.* (citing *Loseke v. Depalma Hotel Corp.*, No. 4:13-CV-3191, 2014 WL 3700904, at *1–2 (D. Neb. July 24, 2014); *Lewis-Ramsey*, 2017 WL 821656, at *4).

Consideration of these factors supports the conclusion that the settlement is fair and equitable. Plaintiffs are represented by experienced counsel who negotiated the settlement at arm's length with defense counsel. *See* ECF No. 60-1 § 1.16. The settlement provides Plaintiffs back wages allegedly owed and an identical amount for liquidated damages. *Id.* § 3.4.

The amount of unpaid overtime premium attributable to on-call pay that will be paid to each Plaintiff was calculated by taking the amount of on-call pay paid in a week, dividing it by the total number of hours worked in that week to arrive at an hourly rate for the on-call pay, multiplying the hourly rate by .5 to arrive at the hourly overtime premium attributable to on-call pay, and multiplying the hourly overtime premium by the number of hours worked over forty: $100 (or $200) ÷ total hours worked × .5 × hours over 40. *Id.* § 3.5.

The Court agrees this is the proper method for calculating the additional overtime premium attributable to on-call pay. *See* 29 C.F.R. § 778.209(a) (explaining that to calculate the overtime premium attributable to a bonus, the payment must be "apportioned back over the workweeks of the period during which it may be said to have been earned" and the employee must "receive an additional amount of compensation for each workweek that he worked overtime during the period equal to one-half of the hourly rate of pay allocable to the bonus for that week multiplied by the number of statutory overtime hours worked during the week."); *Shepard v. City of Waterloo*, No. 14-CV-2057-LRR, 2015 WL 9165915, at *13 (N.D. Iowa

Dec. 16, 2015) (agreeing that the "proper method of factoring in the longevity bonus is to determine the product of: (1) the quotient of (i) the dollar value of the longevity bonus paid in that bi-weekly pay period; and (ii) the total number of hours Shepard actually worked in that pay period; (2) .5; and (3) the number of statutory overtime hours Shepard actually worked in that pay period"); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1312–13 (10th Cir. 2011) (holding that to calculate the overtime premium attributable to sick leave buy-back, the proper divisor was the total hours worked in the week and the proper multiplier was .5).

Because the settlement amount was calculated using the proper formula, and because Plaintiffs are receiving the unpaid wages plus an identical amount for liquidated damages, "[t]he settlement agreement comes close to paying the opt-in class members one hundred percent of their allegedly unpaid overtime wages" and thus the Court has "little difficulty concluding that this is 'fair and equitable' and 'not a mere waiver of statutory rights by employees or overreaching by employers.'" *Rowe*, 2023 WL 7101875, at *2 (quoting *Guy*, 2021 WL 4973251, at *6).

In exchange for the above payments, Plaintiffs release the City from not only the FLSA claims, but also Iowa Code chapter 91A claims. ECF No. 60-1 § 5.1. This is fair and equitable because Plaintiffs' chapter 91A claims are duplicative of their FLSA claims. *See Zanders v. Wells Fargo Bank N.A.*, 55 F.Supp.3d 1163, 1175 (S.D. Iowa 2014) ("[A]ppending an IWPCL claim to a successful FLSA claim does not allow the plaintiffs to recover any additional relief.").

Finally, the settlement agreement calls for the City to pay attorney fees and expenses to Plaintiffs' counsel in the amount of $15,730.00. ECF No. 60-1 § 3.6. "[T]he Court need not review 'settled attorney fees' agreed to in connection with a settlement of FLSA claims." *Rowe*, 2023 WL 7101875, at *3 (citing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("[W]e agree . . . that any authority for judicial approval of FLSA settlements in 29 U.S.C.

§ 216 does not extend to review of settled attorney fees.")). Nonetheless, the Court retains "the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Barbee*, 927 F.3d at 1027 n.1. "When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. *Id.* at 1027.

In this case, the amount being paid for attorney fees represents the actual attorney fees and expenses incurred by Plaintiffs' counsel up to the point of the parties' settlement. ECF No. 60-1 § 3.6. Thus, the fees were negotiated separately and without regard to the FLSA settlement amount, and there was no conflict of interest between Plaintiffs and their counsel.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Collection Action Settlement, ECF No. 60, is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall promptly perform their respective obligations under the Settlement Agreement.

**IT IS FURTHER ORDERED** that as of the Effective Date of the Settlement Agreement, Plaintiffs and each member of the FLSA Collective shall be deemed to have released Defendant City of Bettendorf, Iowa, and its present and former officials, council members, board members, trustees, employees, representatives, agents, attorneys, and insurers from all claims, demands, liabilities, obligations, damages, injuries, remedies, and causes of action of every nature and kind whatsoever, known or unknown, suspected or unsuspected, that were alleged in this lawsuit or that could have been alleged in this lawsuit, including without limitation those

arising out of or relating to any failure of the City to properly calculate the regular rate when paying overtime or compensatory time, whether arising under the Fair Labor Standards Act, the Iowa Wage Payment Collection Law, or any other federal, state, or local law or common law.

**IT IS FURTHER ORDERED** that Plaintiffs and members of the FLSA Collective are permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any released claim in any judicial, administrative, arbitral, or other forum against Defendant City of Bettendorf, Iowa.

**IT IS FURTHER ORDERED** that the Court shall retain continuing jurisdiction over this matter and the parties, including Plaintiffs, for purposes of supervising the implementation and enforcement of the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action with prejudice, and binding each member of the FLSA Collective to the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that this case is dismissed with prejudice, with all parties waiving all rights of appeal and bearing their own costs.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE